UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CIPRIANO M.Z.,[1]

Petitioner,

v.

MINGA WOFFORD, et al.,

Respondents.

No. 1:26-cv-06461-TLN-CSK

A# 204-208-802

**RELEASE ORDER**

This matter is before the Court on pro se Petitioner Cipriano M.Z.'s ("Petitioner") Petition for Writ of Habeas Corpus ("the Petition"). (ECF No. 1.) Respondents filed a response. (ECF Nos. 6, 8.) Petitioner replied. (ECF No. 7.) For the reasons set forth below, the Petition is GRANTED and Respondents are ordered to IMMEDIATELY RELEASE Petitioner.

///

///

///

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. FACTUAL BACKGROUND

This matter arises out of Petitioner's challenge to his civil immigration detention. Petitioner is a noncitizen who first entered the United States without admission in 2007, when he was a minor. (ECF No. 1 at 17.) About 2012, Petitioner was granted Deferred Action for Childhood Arrivals ("DACA"). (*Id.*) Petitioner last entered the United States on July 13, 2014, when he was granted advance parole. (*Id.*; ECF No. 7-1.) Since his last entry, Petitioner has remained in this country, living and working in the United States.[2] (ECF No. 1 at 17.) Petitioner is married to a U.S. citizen and they have three minor children between the ages of five and thirteen. (*Id.*) Petitioner has applied for immigration relief based on his marriage. (*Id.*)

On June 5, 2026, Petitioner was detained during a scheduled interview with USCIS regarding his application for adjustment of status. (*Id.*) Petitioner was detained without notice or a hearing. (*Id.*) That same day, immigration authorities initiated removal proceedings against Petitioner; he is not subject to an order of removal. (*Id.*)

Petitioner claims over the course of three months of detention he has never had a hearing to determine whether he is a danger or flight risk. (*Id.* at 19.) On July 28, 2026, Petitioner attended immigration court. (*Id.* at 17–18.) Petitioner sought a bond hearing but no such hearing was held. (*See* ECF No. 6 at 19.) Petitioner claims the immigration judge stated he lacked jurisdiction to provide Petitioner a bond hearing and instructed Petitioner to withdraw his request. (*Id.*; *see also* ECF No. 6 at 19.) Petitioner states he did not withdraw his request voluntarily. (ECF No. 7 at 2.) Petitioner now challenges the constitutionality of his detention. (ECF No. 1.)

## II. STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004)

---

[2] Petitioner notes he has sustained one conviction while in the United States in 2016, when he was 22 years old. (ECF No. 1 at 17; ECF No. 7 at 2.) More than a decade has passed since his conviction and he has had no further encounters with law enforcement. (ECF No. 6 at 12–17; ECF No. 7 at 2.) Respondents do not argue Petitioner is a danger or even mention his criminal conviction in their brief. (*See* ECF No. 6.)

(citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. ANALYSIS

Petitioner claims his detention without a hearing violates the Immigration and Nationality Act and the Fifth Amendment.[3] (ECF No. 1 at 18–20.) Respondents state Petitioner was detained under 8 U.S.C. § 1225(b)(2)(A), but they acknowledge 8 U.S.C. § 1226(a) governs Petitioner's detention and entitles him to a custody hearing. (ECF No. 6 at 1 (citing *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026)).)

As to Petitioner's statutory claim, the Ninth Circuit has rejected Respondents' application of 8 U.S.C. § 1225(b)(2) to persons like Petitioner. *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). The mandatory detention scheme of § 1225(b)(2) applies only to noncitizens entering the United States at the border. *Id.* at *10. In contrast, individuals like Petitioner who are "present without admission who are apprehended in the interior of the United States," are subject to discretionary detention under 8 U.S.C. § 1226(a). *Id.* at *3. Indeed, Respondents concede this point. (ECF No. 6 at 1.)

Section 1226(a) provides "extensive procedural protections" including several layers of review of the initial custody determination, "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Rodriguez*

[3] Finding relief warranted on the INA and Fifth Amendment procedural due process claims, the Court declines to address Petitioner's additional claims in favor of judicial economy.

*Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022). Petitioner asserts he requested a bond hearing before an immigration judge and the immigration judge directed Petitioner to withdraw his request for lack of jurisdiction. (ECF No. 1 at 17–18; ECF No. 6 at 19.) Respondents did not dispute Petitioner's account and did not respond on the point at all. It appears no hearing was rescheduled, even after the Ninth Circuit issued its ruling in *Rodriguez Vazquez*. Ultimately, Petitioner has received no custody hearing in over three months of detention, despite his request. Therefore, Respondents have violated 8 U.S.C. § 1226(a) and Petitioner's detention is unlawful.

As to Petitioner's constitutional claim, the Court finds Petitioner possesses a strong protected liberty interest and he was denied the process necessary to ensure any deprivation of that interest accords with the Constitution. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). The record in this case establishes that Petitioner developed a clear interest in his continued freedom protected by the Due Process Clause during his nearly two decades living freely prior to his current detention, along with the government's grant of DACA and parole. Even if he is subject to removal or his freedom could be revoked by statute, that interest is still protected by the Due Process Clause. *See Hernandez v. Sessions*, 872 F.3d 976, 997 (9th Cir. 2017); *Zadvydas*, 533 U.S. at 693. Upon consideration of the three factors set forth in *Mathews v. Eldridge*, the Court finds Petitioner was owed pre-deprivation notice and a hearing before a neutral decisionmaker to determine whether his detention was justified. 424 U.S. 319, 335 (1976); *see e.g., Karla D. R. v. Chestnut*, No. 1:26-CV-01137-TLN-CKD, 2026 WL 807589 (E.D. Cal. Mar. 24, 2026) (analyzing the *Mathews* factors and finding similarly). Respondents have not provided Petitioner any hearing as to his detention, either pre- or post-deprivation. Therefore, Respondents have violated the Fifth Amendment in Petitioner's detention.

## IV. CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus (ECF No. 1) is hereby GRANTED. It is FURTHER ORDERED:

1. Respondents must IMMEDIATELY RELEASE Petitioner Cipriano M.Z. (A# 204-208-802) from custody under the same conditions as his prior release. At the time of release, Respondents must return all of Petitioner's documents and possessions.

2. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where Respondents demonstrate by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

3. Petitioner's Motion for Temporary Restraining Order (ECF No. 2) is DENIED as moot.

4. The Clerk of Court shall serve this Order on the **Mesa Verde Detention Center**.

5. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

DATE: September 2, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE